UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TIMOTHY DESHAWN CONLEY,

                Petitioner,                Case No. 1:11-cv-777

v.                                        Honorable Janet T. Neff

JOHN PRELESNIK,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner Timothy Deshawn Conley presently is incarcerated at the Ionia Maximum Correctional Facility.  Following a jury trial, Petitioner was convicted of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, carrying a concealed weapon, MICH. COMP. LAWS § 750.227, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b.  On April 29, 1997, the Kent County Circuit Court sentenced Petitioner as a fourth felony offender, MICH. COMP. LAWS § 769.12, to respective prison terms of 25 to 50 years, 5 to 50 years and 2 years.

Petitioner appealed his convictions to the Michigan Court of Appeals.  In an unpublished opinion issued May 21, 1999, the court of appeals rejected all appellate arguments and affirmed Petitioner's convictions.  (Ex. A to Br. in Supp. of Pet., docket #2, Page ID##110-13.) Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on February 20, 2000.  (*Id.*, Page ID#109.)

On December 11, 2008, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court.  The motion was denied on January 30, 2009, because the issues lacked merit and because Petitioner had failed to demonstrate entitlement to relief under MICH. CT. R. 6.508(D). (*Id.*, Page ID##101-05.)  Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court.  Both courts denied leave to appeal because Petitioner had failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D).  (*Id.*, Page ID##106, 108.)  The supreme court issued its decision on July 26, 2010.

- 2 -

Petitioner filed the instant habeas petition on or about July 20, 2011.[1] He raises ten claims for relief, all of which appear to have been presented to the state courts on direct or collateral review.

II.   Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his application on July 20, 2011, and it was received by the Court on July 26, 2011.  Thus, it must have been handed to prison officials for mailing at some time between July 20 and 26.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  According to Petitioner's habeas application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on February 20, 2000.  Petitioner did not petition for certiorari to the United States Supreme Court.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on Monday, May 22, 2000.  Petitioner had one year, or until May 22, 2001, in which to file his habeas application.  Petitioner did not file his petition until July 20, 2011, more than ten years after his period of limitations expired.  Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not

- 4 -

yet fully run.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Once the limitations period has

expired, collateral petitions can no longer serve to avoid a statute of limitations.  *Id.*; *McClendon v.*

*Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).  Even where the post-conviction motion raises a claim

of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does

not revive the statute of limitations.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing

*McClendon*, 329 F.3d 490).  Because Petitioner's one-year period expired in 2001, his collateral

motion filed in 2008 does not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject

to equitable tolling.  *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572

F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner

bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420;

*Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that

equitable tolling should be applied "sparingly" by this Court.  *See Sherwood v. Prelesnik*, 579 F.3d

581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*,  295

F.3d 517, 521 (6th Cir. 2002).  A petitioner seeking equitable tolling of the habeas statute of

limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 130 S. Ct. at

2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*,

572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that

would warrant its application in this case.  The fact that Petitioner is untrained in the law, was

proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain

period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  August 17, 2011                              /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).