UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIMOTHY DESHAWN CONLEY,

      Petitioner,                         Case No. 1:11-cv-777

v                                      HON. JANET T. NEFF

JOHN  PRELESNIK,

      Respondent.

_____/


## OPINION

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as time-barred.  The matter is presently before the Court on Petitioner's objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  Also before the Court is Petitioner's Motion to Appoint Counsel.  The Court denies the objections and the motion and issues this Opinion and Final Order.  *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

      Petitioner argues that the Magistrate Judge erred in determining that his claim is barred by the statute of limitations found in 28 U.S.C. § 2244(d) (Pet'r Obj., Dkt  8 at 3; R & R, Dkt 7 at 3). Petitioner also argues that even if this Court finds his claim is time-barred, his claim should be subject to equitable tolling (Pet'r Obj., Dkt 8 at 4-7).  Petitioner's arguments lack merit.

Petitioner argues that the one-year limitation period should be measured from July 26, 2010, when the Michigan Supreme Court rejected his Motion for Relief from Judgment (*id.* at 3). Petitioner states that when he received the Michigan Supreme Court's final decision, he relied on the representation of a Michigan Department of Corrections ("MDOC") employee that he had one year to file a habeas petition (*id.*).  Even taking as true this assertion, Petitioner's claim is barred by the statute of limitations of 28 U.S.C. § 2244(d).  While a pending state-court collateral review of a petitioner's judgment tolls the limitations period, it cannot revive the limitations period if it has already elapsed.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  The statute of limitations under § 2244(d)(1)(A) begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  As the Magistrate Judge determined, this period began to run on May 22, 2000, when  Petitioner's opportunity to seek review of his conviction from the United States Supreme Court expired (R & R, Dkt 7 at 4).  His opportunity to file a petition for a writ of habeas corpus therefore expired on May 22, 2001.  Petitioner's argument to the contrary is without merit, and his objection is therefore denied.

Petitioner alternatively argues that the time for filing his petition should be equitably tolled (Pet'r Obj., Dkt 8 at 4-7).  To establish entitlement to equitable tolling, a Petitioner much establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Petitioner asserts that he "still has not receive all the evidence from the lower court, the prosecutor of his trial lawyer.  This stood in the Petitioner way whole heartly.  The circumstance prevented the Petitioner from filing a habeas corpus petition" (sic) (Pet'r Obj., Dkt 8 at 5).  Petitioner states that he "showed due diligence in

2

exercising his Rights, He filed new issues properly without having the proper discovery order . . ."
(*id.* at 6).  Petitioner also recounts his attempts to obtain the evidence he claims he needed (*id.* at 4-6) and attempts to argue the merits of his petition (*id.* at 6-7).

Included in the state court materials Petitioner submitted are docket sheets from the trial and appellate courts (App'x I, Dkt 3-1).  These records show that after the denial of review by the Michigan Supreme Court in March of 2000, Petitioner did not make another filing until July 27, 2005 (*id.* at 35).  Petitioner has submitted no other evidence to establish that he has been diligent in pursuing his claim, let alone that an extraordinary circumstance stood in his way.  Petitioner's claim is not entitled to equitable tolling.  Petitioner's argument to the contrary is without merit, and his objection is therefore denied.

Accordingly, Petitioner's motion for appointment of counsel is also properly denied.  "The appointment of counsel in a civil proceeding is not a constitutional right," *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003), and counsel should not be appointed, where, as here, the claims of the petitioner are frivolous or the chances of success are extremely slim, *see Lavao v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a Certificate of Appealability (COA) as to the issues raised.  *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least,

that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court

is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be allowed to proceed

further." *Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not

find the Court's procedural ruling debatable.  A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: February  29, 2012                          /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge